Anonymous, Appellant, *v.* State of New York, Respondent. (Claim No. 34975.)

Third Department, January 16, 1963.

*Anonymous,* appellant in person.

*Louis J. Lefkowitz, Attorney-General* (*Paxton Blair* and *Jean M. Coon* of counsel), for respondent.

TAYLOR, J. At the instance of his father, claimant, aged 34 years and unmarried, was admitted on April 2, 1955 to Kings County Hospital. Upon the petition of the Deputy Medical Superintendent of this institution he was adjudged to be mentally ill by an order of the Supreme Court granted upon notice and certified to the Brooklyn State Hospital for treatment pursuant to the provisions of the Mental Hygiene Law. Claimant was never adjudicated incompetent to manage himself or his affairs under the provisions of article 81 of the Civil Practice Act and no committee of his person or property was ever appointed.

Soon after his admittance to the mental institution on April 15, 1955 a senior staff psychiatrist to whom the case was assigned there interviewed his father and sister for the purpose of procuring information concerning his background for use in analyzing his condition. On this occasion the parent consented in writing that any of the recognized types of shock therapy or a combination thereof be administered to the patient by physicians attached to the hospital. Thereafter psychological examinations were conducted. It appears that following the collation of the salient medical and anamnestic facts a panel of five staff psychiatrists which included the assigned physician, acting in concert, diagnosed claimant's condition as dementia praecox, mixed type, featured by catatonic and paranoid schizophrenia and concluded that the treatment of the illness by insulin coma therapy would likely produce the most favorable result. The recommended regimen was begun on April 28, 1955 and completed on July 22, 1955. Claimant's mental condition had improved sufficiently on October 5, 1955 to warrant his release from the hospital to his father's home on a convalescent status and his full discharge from post-hospital clinical treatment on April 1, 1958.

On December 29, 1959 he filed a claim against the State for damages alleging that in the administration of the shock therapy without authorized consent thereto a physical assault was com-

mitted. After a trial the Court of Claims held that the treatment had been lawfully undertaken and dismissed the claim.

On appeal claimant urges as grounds for reversal that prior consent to the shock treatment involved should have been obtained on his behalf from a court-appointed guardian or from both parents and that its utilization without such authorization as a matter of law constituted a bodily assault.

Upon the commitment of claimant to the State hospital he became a ward of the State under whose well-settled policy it was contemplated that he would be cared for, treated and, if possible, cured of the disease with which he was afflicted. (*Sporza* v. *German Sav. Bank,* 192 N. Y. 8, 19; *People ex rel. Anonymous* v. *La Burt,* 14 A D 2d 560, motion for leave to appeal denied 10 N Y 2d 708, cert. denied 369 U. S. 428.) By statute his father, if of sufficient financial ability, is a person responsible for the payment for such care, treatment and maintenance. (Mental Hygiene Law, § 24, subd. 2.) It appears to be the general rule that absent an emergency the consent of a parent to the performance of an operation on a minor child is required. (70 C. J. S., Physicians and Surgeons, § 48, p. 968.) Analogy dictates, we think, that he is authorized to speak in behalf of a mentally ill adult child for whom no committee of the person has been appointed.

In the circumstances here shown we are of the opinion that the physicians of the State mental institution were justified in administering the therapy in reliance upon the signed consent of the father and that the contention of appellant that such treatment constituted an assault and battery is unmeritorious. (*Farber* v. *Olkon,* 40 Cal. 2d 503; Restatement, Torts, § 59.)

The judgment dismissing the claim should be affirmed, without costs.

Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur.

Judgment dismissing the claim affirmed, without costs.