◼ In the Matter of LEE D. HANES, as Director of St. Lawrence Psychiatric Center, Respondent, v LUCILLE AMBROSE, Appellant. — Appeal from so much of an order of the County Court of St. Lawrence County, entered May 29, 1980, which granted petitioner's application, pursuant to section 33.03 of the Mental Hygiene Law and regulations promulgated thereunder, for an order authorizing certain surgery to be performed on respondent. Respondent, who is 76 years of age, had been a patient at the St. Lawrence Psychiatric Center, on a voluntary basis, since 1966. Four years ago she sustained a fractured hip requiring the implantation of a metal pin. An abscess, which is constantly draining, developed at the implant site and respondent was asked in 1978 to consent to surgical removal of the pin. She refused and was treated instead with antibiotics. Apart from a recent need for more frequent cleaning and attention, her condition has remained static. Because of her continued refusal to consent and petitioner's conviction that the surgical procedure was necessary, an order was applied for, and obtained, altering respondent's status to that of an involuntary patient and, following a hearing, authorizing the operation to be performed without her consent. Regulations of the Department of Mental Hygiene contained in 14 NYCRR Part 27, promulgated pursuant to section 33.03 of the Mental Hygiene Law, provided that a patient's informed consent (or the consent of someone authorized to act on behalf of the patient) must be obtained before the patient may be subjected to surgery. The fact that the patient is involuntarily retained is not presumptive of incompetence or lack of mental capacity to knowingly consent or withhold consent (Mental Hygiene Law, § 29.03). The statutory framework makes the patient's lack of consent determinative unless the State convincingly demonstrates that the patient does not have sufficient mental capacity to impart consent (*New York City Health & Hosps. Corp. v Stein,* 70 Misc 2d 944). At the hearing, the various experts unanimously agreed that respondent knew her consent to operate was being sought and realized the purpose of the proposed surgery. They differed in their opinion as to whether she comprehended the seriousness of her condition and the consequences of failing to have the pin removed. However, given the nonemergency character of her condition, the absence of pain or discomfort associated with it, her age, her very real fear she would be unable to survive another operation, and petitioner's admission that, barring complications, she could continue to live a good many years without the operation, it is our view that the State did not carry the burden of proving

that she was incapable of consenting. Order reversed, on the law and the facts, without costs, and application denied. Main, J.P., Yesawich, Jr., and Weiss, JJ., concur.

Casey and Herlihy, JJ., dissent and vote to affirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). We dissent and vote to affirm for the reasons set forth in the opinion by Mr. Justice John H. Livingston at Special Term.