OPINION OF THE COURT
William J. Deeley, J.
Before the court is an order to show cause in which the petitioner, John J. Sabatos, director of the Brooklyn Developmental Center, a mental institution and a part of the Department of Mental Hygiene of the State of New York, seeks the court’s permission to have an abortion performed on a patient at the Brooklyn Developmental Center, by the name of Barbara C.
Barbara C. is a 25-year-old female who is profoundly retarded. Her mental age is less than that of a two year old and she is nonverbal. She is presently approximately in her 21st week of pregnancy, the origin of which is unknown.
On September 9,1982, a similar motion was made before this court to have the same procedure performed ¡on the basis that the continued pregnancy was “life-threatening”. The evidence presented at that time was woefully inadequate to establish any real medical danger resulting from carrying the fetus to term. The present motion has abandoned that theory in favor of the theory that j since Miss C. is unable to consent or not consent to the proposed procedure that the consent of her next of kin, in this case her father, William C., may be substituted to allow the procedure., In this case also there is "no doubt that Miss C., being pregnant, will have to undergo some type of medical procedure, whether it be an abortion at this point or a delivery at term. The father has consented to the procedure and is *32 willing to execute such consent in favor of the facility. The question before the court, therefore, isjmay the consent of a next of kin, where the patient lacks any ability to consent, be substituted to allow the proposed procedure.!
Under section 125.05 of the Penal Law, an ^abortional act is justifiable when committed upon a female with her consent by a duly licensed physician acting * * * within 24 weeks from the commencement of her pregnancy.”
Section 33.03 of the Mental Hygiene Law provides, in part: “(a) Each patient in a facility and each person receiving services for mental disability shall receive care and treatment that is suited to his needs and skillfully, safely, and humanely administered with full respect for his dignity and personal integrity.”
Section 33.03 (subd [b], par 4) of the Mental Hygiene Law requires that the consent for surgery be obtained.
14 NYCRR 27.6 (c) provides, in part, that “each patient has the same right to abortion as any other citizen; and it is the responsibility of the director and staff of facilities to make every effort to see that procedures for abortion are made available in accordance with existing law.”
Regulations then go on to provide that where, as here, the patient “does not have sufficient mental capacity to give consent, authorization for the procedure in question must be obtained from * * * a parent”. (14 NYCRR 27.9 [b]; see, also, New York City Health & Hosps. Corp. v Stein, 70 Misc 2d 944, 945; Anonymous v State of New York, 17 AD2d 495, 497; Matter of Hanes v Ambrose, 80 AD2d 963).
It appears from the evidence presented that the pregnancy of Barbara C. is within 24 weeks from its commencement. The father of Barbara C. has submitted with the petition an affidavit in which he states he will consent to the proposed procedure to be performed on the patient, Barbara C. In addition he has taken the stand and testified before this court that he consents to the proposed procedure.
Consequently, the court concludes that where, as here, the patient lacks, an ability to consent to the proposed medical procedure, the consent of her father, William C., may be substituted for her consent. It is the opinion of the *33 court that William C., the father of Barbara C., has the legal right to consent to the operational procedure upon his daughter, and that the petitioner, John J. Sabatos, director of Brooklyn Developmental Center may accept the consent of the father, William C., and proceed with the medical procedure proposed.