In the Matter of BARBARA C. JOHN J. SABATOS, as Director of the Brooklyn Developmental Center, Respondent; FRANCIS M. SAVASTANO, as Director of the Mental Health Information Service, Appellant.

Second Department, April 23, 1984

**APPEARANCES OF COUNSEL**

*Dennis B. Feld* for appellant.

*Robert Abrams, Attorney-General (Richard Rifkin, George D. Zuckerman, Thomas P. Dorsey* and *Robert L. Schonfeld* of counsel), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

The director of the Brooklyn Developmental Center, a mental health facility, commenced this proceeding for an order granting permission to perform an abortion upon Barbara C., a center patient who was 25 years old and so

retarded that her mental age was equivalent to that of a child less than two years of age. After a hearing, Special Term concluded that the patient was incapable of consenting to the abortion and that the center could perform the abortion in reliance upon the consent of the patient's father (*Matter of Barbara C.,* 116 Misc 2d 31). In the appeal filed on behalf of the patient by her guardian ad litem — Mental Health Information Service — it is argued that Special Term erred in granting permission for the abortion solely on the basis of parental consent and that the court should itself have determined whether an abortion was in the best interests of the patient. The center argues that the appeal should be dismissed as moot because the abortion has been performed. Since the controversy is likely to recur and it may in the future evade review again, we will decide the legal issues raised (see *Roe v Wade,* 410 US 113; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Matter of Harry M.,* 96 AD2d 201).

Each patient in a facility operated by the Department of Mental Hygiene has the "same right to [an] abortion as any other citizen" (14 NYCRR 27.6 [c]), but before surgery or major medical treatment may be administered to any patient the director of the facility must obtain the consent of the patient (Mental Hygiene Law, § 33.03, subd [b], par 4) or a person authorized to act on the patient's behalf (14 NYCRR 27.9). When a patient 18 years of age or older lacks sufficient mental capacity to consent to a contemplated medical procedure, authorization may be obtained from the patient's spouse, parent, adult child or a court of competent jurisdiction (14 NYCRR 27.9 [b]). Since an abortion obviously is "surgery" within the meaning of the statute (see Mental Hygiene Law, § 33.03, subd [b], par 4), it would appear that the operation could be performed with the consent of Barbara's father because she herself was clearly incapable of giving such consent (see *Matter of Hanes v Ambrose,* 80 AD2d 963; *Anonymous v State of New York,* 17 AD2d 495; *New York City Health & Hosps. Corp. v Stein,* 70 Misc 2d 944).

Mental Health Information Service contends, nevertheless, that regardless of parental consent every abortion performed upon an incompetent patient should be the

subject of judicial review to determine whether the procedure is in the patient's best interests. In furtherance of this position, it posits that the special and fundamental nature of an abortion authorized the court to ignore parental consent and determine what the incompetent woman herself would have done had she been competent.

It is apparent that what Mental Health Information Service actually seeks in the guise of its "best interests" argument is a rule requiring that before any abortion is performed upon an incompetent patient — and regardless of parental consent — a Judge should invoke his or her own moral, philosophical, theological and sociological precepts in deciding whether the operation should take place. We reject the suggestion because the law provides otherwise. Under the statutory scheme, where an appropriate relative is available to grant or deny consent, the sole role of the judiciary is to resolve any dispute which may arise concerning the patient's ability to grant consent. Once the incapacity of the patient to consent has been established, the institution may rely on the consent of the patient's prescribed relative (see 14 NYCRR 27.9 [b], [d]; *Matter of Hanes v Ambrose, supra*). Where the patient's inability to consent is beyond legal question, however, and the spouse, parent or adult child of the patient consents to the proposed medical procedure, it is unnecessary for the mental health facility to obtain judicial approval (see *New York City Health & Hosps. Corp. v Stein, supra,* p 945). If none of these prescribed relatives is available to give consent, then the facility must obtain judicial approval of the medical procedure. It is only in that instance that the court exercises its power as *parens patriae* to determine whether the interests of the patient warrant the performance of the proposed procedure (*Matter of Harris v Roberts,* 91 AD2d 1141; *Matter of Strauss,* 56 AD2d 570).

Accordingly, there should be an affirmance.

LAZER, J. P., GIBBONS, THOMPSON and BOYERS, JJ., concur.

Order of the Supreme Court, Kings County, dated September 23, 1982, affirmed, without costs or disbursements.